UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No.: 94-CR-50060-1FL

vs.        Hon. Paul V. Gadola
        Mag. Judge Michael J. Hluchaniuk

LELYN ALLEN COVERT,

        Defendant.
_____/

## ORDER OF DETENTION
## PENDING REVOCATION PROCEEDINGS

On July 31, 2007, a petition was filed alleging that defendant Lelynn Allen Covert had violated the terms of his supervised release which had been imposed as part of his sentence for being a felon in possession of a firearm. The original sentence of 96 months imprisonment had been imposed on November 29, 1995, and his supervision began on May 1, 2006.

The violation petition alleges that the defendant violated his supervised release by using a controlled substance (Violation # 1), committed a drinking and driving offense (Violation # 2) and assaulted another person with an automobile (Violation # 3).

The defendant was arrested based on the warrant issued following the filing

of the supervised release violation petition and appeared in court on January 8, 2007. At the hearing the defendant was informed of his rights relating to the alleged violation of his supervised release and the government requested that he be detained pending the revocation hearing before the sentencing judge. Government counsel noted that the defendant was a Criminal History Category VI (under the Sentencing Guidelines) and that he had been convicted of felonious assault in state court relating to the incident that formed the basis of Violation # 3.

Defense counsel requested that the defendant be released on bond submitting that the defendant was employed, that he had been released without incident with respect to a prior violation proceeding in 2006 and that he had a grandson that was ill.

The defense acknowledged that where a defendant is facing a violation of supervised release the defendant must prove, by clear and convincing evidence, that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a). This standard is made applicable to supervised release violation matters by Fed. R. Crim. P. 32.1(a)(6).

Based on the defendant's past criminal history and the current events that include his use of controlled substances, his use of alcohol while driving and his commission of a felonious assault, I find that the defendant has failed to meet his burden, by clear and convincing evidence, that he is not likely to flee and that he is

not a danger to the community if released.

Accordingly, the defendant shall be detained without bond in this matter pending further proceedings relating to the violation of supervised release which will be scheduled before his sentencing judge.

The defendant is hereby remanded to the custody of the United States Marshal.

**IT IS SO ORDERED.**

Dated: January 9, 2008                s/ Michael J. Hluchaniuk
                                      United States Magistrate Judge


## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert W. Haviland, AUSA, and I hereby certify that I have mailed by United States Postal Sevice or hand delivered the paper to the following non-ECF participants: David Koelzer, Esq., Federal Defender Office, 653 S. Saginaw St., Ste. 105, Flint, MI 48502 Probation Officer, 600 Church St., Flint, MI 48502, U.S. Marshal, 600 Church St., Flint, MI 48502

                                      s/ James P. Peltier
                                      James P. Peltier
                                      Courtroom Deputy Clerk